# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH D. KEATON,**

  Plaintiff,

 v.                Case No. 17-CV-1404

**KEN EGGLESTON ACCOUNTING SERVICES,**
**MICHELLE A. KEATON, and**
**LOIS M. CHRISTENSEN,**

  Defendants.

## RECOMMENDATION TO DISMISS ACTION
## FOR LACK OF SUBJECT-MATTER JURISDICTION

Kenneth D. Keaton filed this action without the assistance of counsel on October 13, 2017. The matter was randomly assigned to this Court, and Mr. Keaton consented to magistrate judge jurisdiction. *See* Consent to Proceed Before a Magistrate Judge, ECF No. 3 (citing 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b)). Mr. Keaton has requested to proceed without prepaying the filing fee. For the reasons that follow, the Court finds that it lacks subject-matter jurisdiction over this action. The Court will therefore recommend that this action be dismissed and that Mr. Keaton's request to proceed without prepaying the filing fee be denied as moot.

Mr. Keaton's complaint contains the following allegations. *See* Complaint, ECF No. 1. Kenneth D. Keaton and Michelle Keaton used to be married; their divorce became final in July 2017. Compl. 4. Mr. Keaton alleges that, during the

marriage, his wife filed joint tax returns from 2012–2016 without his knowledge or consent. Compl. 4–5. Ms. Keaton deposited the resulting refunds into a joint bank account controlled by her and her mother, Lois M. Christensen. Ms. Keaton also paid a fee to Ken Eggleston Accounting Services for preparing the returns.

The Complaint names three defendants: Ken Eggleston Accounting Services (for knowingly preparing fraudulent tax returns), Ms. Keaton (for allegedly forging Mr. Keaton's name on the tax returns and appropriating the refunds for herself), and Ms. Christensen (for having her name on the account to which the refunds were deposited). Mr. Keaton seeks monetary relief and requests that his ex-wife be "criminally punished for fraud." Compl. 5.

Mr. Keaton does not indicate in his Complaint the basis for federal jurisdiction. *See* Compl. 5. If true, the above allegations do not give rise to a violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. The allegations are insufficient to establish a violation of Mr. Keaton's constitutional rights, and none of the named defendants are governmental actors. The Court also is not aware of any federal statute or treaty implicated by Mr. Keaton's allegations. Rather, the allegations describe a tort claim for theft, conversion, or fraud arising under state, not federal, law; therefore, this Court has jurisdiction only if the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are satisfied. But Mr. Keaton asserts in his Complaint that he and the defendants all are citizens of Wisconsin, so federal diversity jurisdiction cannot exist.

Accordingly, the Court finds that this action must be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at

2

Case 2:17-cv-01404-JPS   Filed 10/20/17   Page 2 of 4   Document 4

any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, I cannot order the entry of judgment in this action. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017). The matter therefore will be referred to a district judge for review of my recommendations that: (1) this action be dismissed for lack of subject-matter jurisdiction; (2) Mr. Keaton's request for leave to proceed without prepaying the filing fee be denied as moot; and (3) the Clerk of Court enter judgment accordingly.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Mr. Keaton's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, ECF No. 2, be **DENIED as moot**.

**FINALLY, IT IS RECOMMENDED** that the Clerk of Court enter judgment that Mr. Keaton shall take nothing from the Complaint.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2017.

BY THE COURT:

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge